Harold J. Hughes, J.
This is ia motion by defendant to dismiss plaintiffs’ complaint on the ground that it fails to state a cause of action.
On January 10, 1970, George E. Simmons was injured when a tractor trailer owned by Frangella Brothers and driven by James E. Lampila skidded into the Simmons’ vehicle. In April, 1970, Simmons commenced an action against Frangella Brothers and Lampila and in March, 1971 a verdict for $150,000 was rendered in favor of Simmons. Lampila and Frangella Brothers filed a notice of appeal, but prior to perfecting the appeal, the Simmons’ judgment was compromised for the sum of $87,500. On November 26, 1971, a satisfaction of judgment was filed.
On September 26, 1972, Lampila and Frangella Brothers commenced the present action against defendant Harrington, alleging that his negligence contributed to the accident in which Simmons was injured. In their complaint, plaintiffs seek indemnification in whole or in part from defendant for the amount they paid to satisfy the Simmons ’ judgment.
It is defendant’s contention that the complaint does not state a cause of action under the Dole v. Dow Chem. Co. (30 N Y 2d 143 [decided March 22, 1972]) doctrine of apportionment, since, it is argued, that decision is restricted to pending cases and should not be applied• retroactively. While the Court of Appeals has stated that the principles articulated in Dole apply to pending cases (see Codling v. Paglia, 32 N Y 2d 330, 344; Kelly v. Long Is. Light. Co., 31 N Y 2d 25; Frey v. Bethlehem Steel Corp., 30 N Y 2d 764), it has never held that Dole should be limited to pending cases. The only express limitation on retroactive application is found in Codling v. Paglia (supra), but on its facts that case merely stands for the proposition that a tort-feasor who settled before or during trial and obtained a release from the plaintiff prior to the decision of Dole v. Dow Chem. Co. {supra) is barred from seeking an apportionment of damages (see 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3019.60, p. 30-482.56).
The present case is obviously distinguishable from Codling v. Paglia (32 N Y 2d 330, 344, supra) since the payment of $87,500 was not voluntary but was in fact coerced after a judgment had been entered in excess of that amount (cf. Codling v. Paglia, 38 A D 2d 154,161-162).
*425 The rule for apportioning liability among those to blame is essentially one of fairness land this court concludes that the Dole rule should apply in the present case (see Supplementary Practice Commentary by Professor David D. Siegel, McKinney’s Cons. Laws of N. Y., Book 7B, 1973 Supp., >pp. 246-247, under CPLR 3019).
The defendant’s motion to dismiss plaintiffs’ cause of action is denied, without costs.